UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY D. REAVES,

                Plaintiff,

      -against-

JOHN/JANE DOE,

                Defendant.

22-CV-10328 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed application for leave to proceed *in forma pauperis* ("IFP). *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but it is wholly illegible, and thus his responses do not establish that he is unable to pay the filing fees. Within 30 days of the date of this order, Plaintiff must either pay the $402.00 filing fee, or complete and submit a signed and legible IFP application showing that Plaintiff is unable to pay the filing fees.

    Moreover, Plaintiff submitted a complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

    Plaintiff is directed to resubmit the signature page of the complaint with an original signature to the Court within thirty days of the date of this order.

## CONCLUSION

Within thirty days of the date of this order, Plaintiff must: (1) either pay the $402.00 in fees or submit an amended IFP application; and (2) submit the signature page of the complaint. An amended IFP application, and a copy of the signature page are attached to this order. If Plaintiff submits these documents, they should be labeled with docket number 22-CV-10328 (LTS). If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 16, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                     Chief United States District Judge